UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
FEB 2 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THOMAS JOSEPH GODDARD

Plaintiff,

v.

ANTHROPIC, PBC; DARIO AMODEI;
SAM ALTMAN; OPEN AI GROUP;
ELON MUSK; SPACE EXPLORATION
TECHNOLOGIES, INC.; TESLA, INC.;
REID HOFFMAN; and DOES 1
through 100, inclusive,

Defendants.

Case No.:

CV26.01044 ASK

**REQUEST FOR DISABILITY ACCOMMODATIONS
PURSUANT TO THE AMERICANS WITH DISABILITIES ACT
AND SECTION 504 OF THE REHABILITATION ACT**

TO THE HONORABLE COURT:

Plaintiff Thomas Joseph Goddard respectfully requests disability accommodations pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794, Civil Local Rule 7-12 of the Northern District of California, General Order No. 56, and the Court's inherent authority to ensure meaningful access to judicial proceedings for disabled litigants.

## I. LEGAL FOUNDATION FOR ACCOMMODATION REQUEST

The Americans with Disabilities Act Title II requires that public entities, including federal courts, ensure that qualified individuals with disabilities are not excluded from participation in or denied the benefits of services, programs, or activities by reason of disability. 42 U.S.C. §12132. Federal courts have consistently recognized their obligation to provide reasonable accommodations to ensure meaningful access to judicial proceedings for disabled litigants.

The Judicial Conference of the United States has established comprehensive policies requiring federal courts to provide reasonable accommodations to ensure equal access to court proceedings. These accommodations are not merely courtesy provisions but constitute essential modifications necessary to comply with federal disability rights laws and constitutional due process requirements.

This accommodation request is particularly compelling given that this case involves federal civil rights violations including trade secret theft, denial of essential assistive technology services to a disabled individual, and systematic ADA violations by Defendants, creating a compelling federal interest in ensuring that the very disability discrimination being challenged does not prevent meaningful access to constitutional remedies through procedural barriers.

## II. DOCUMENTED DISABILITIES REQUIRING ACCOMMODATION

Plaintiff has multiple documented disabilities that substantially limit major life activities under ADA definitions as amended by the ADA Amendments Act of 2008, requiring comprehensive accommodations to ensure

meaningful court access. Comprehensive medical documentation from UCSF Medical Center establishes each disability with corresponding ICD-10 diagnostic codes:

### A. Idiopathic Vocal Cord Paralysis with Prosthetic Implant (ICD-10: J38.01)

Complete left vocal cord paralysis requiring surgical prosthetic implant and wire into neck bone substantially limits major life activities of speaking and communicating, and affects neurological and musculoskeletal bodily functions. Specific manifestations include severe pain with speaking exceeding two to three minutes, difficulty breathing with exertion or extended vocalization, risk of vocal cord hemorrhage with prolonged speech, chronic hoarseness affecting communication clarity, and voice fatigue preventing sustained oral argument.

Medical documentation establishes that traditional oral advocacy requirements would cause physical harm and may result in permanent disability progression. Electronic preparation and submission of legal documents prevents exacerbation of vocal cord complications while ensuring comprehensive legal argument presentation. Per EEOC guidance, the prosthetic implant as a mitigating measure is not considered when determining disability status under 29 C.F.R. §1630.2(i)(1).

### B. Cervical Disk Herniation with Nerve Involvement (ICD-10: M50.12)

MRI documentation shows 2mm right paracentral protrusion at C5-C6 with thecal sac effacement causing nerve impingement, substantially limiting major life activities of lifting, standing, working, and turning head, affecting musculoskeletal and neurological bodily functions. Additional cervical spondylosis and arthritis cause severe pain levels reaching 10/10, resulting in debilitating headaches that prevent concentration, thinking, working, and performing manual tasks.

The severe pain substantially limits neurological and brain function, creating progressive nerve compression causing bilateral upper extremity symptoms with pain levels consistently 7-10/10 and acute exacerbations reaching 10/10. This condition requires accommodation for physical positioning limitations, extended processing time for fine motor tasks including document preparation, and assistive technology support for written communication when tremor episodes affect manual dexterity.

### C. Lumbar Disk Herniation with Foraminal Stenosis (ICD-10: M51.16)

MRI documentation reveals 3.5mm broad-based central protrusion at L5-S1 with annular fissuring substantially limiting bending, walking, and sitting, affecting musculoskeletal function. Lumbar spinal stenosis causes severe pain and mobility limitations, substantially limiting walking, standing, and maintaining posture for any extended period. This condition prevents standing for more than twenty minutes without severe pain requiring accommodation for courtroom positioning and hearing duration limitations.

### D. Essential Tremor, Stress-Induced (ICD-10: G25.0)

Episodic condition lasting 48-96 hours that substantially limits manual tasks, writing, and neurological function when active. Involuntary tremor affecting hands, arms, and head with episodes triggered by stressful events significantly impairs writing, typing, and fine motor tasks. The stress-induced nature creates particular accommodation needs during legal proceedings, as litigation stress can trigger extended tremor episodes preventing effective document preparation and court participation.

### E. Asplenia - Absent Spleen (ICD-10: Q89.01)

Substantially limits immune system function, a major bodily function specifically listed in 29 C.F.R. §1630.2(i), requiring prophylactic antibiotics and creating life-threatening vulnerability to infections. Severely immunocompromised status following surgical splenectomy creates life-threatening risk of overwhelming post-splenectomy infection (OPSI). This condition requires prophylactic antibiotics and strict infection precautions with CDC guidelines mandating avoidance of crowded public spaces during periods of increased infection risk.

Court appearances in crowded courtrooms present documented medical risks requiring accommodation through electronic participation options during periods of compromised immune status or community infection outbreaks.

### F. Post-Traumatic Stress Disorder and Bipolar Disorder

Post-Traumatic Stress Disorder (ICD-10: F43.10) and Bipolar Disorder (ICD-10: F31.9) are episodic conditions that substantially limit brain function, thinking, concentrating, and interacting with others when active, qualifying under EEOC episodic impairment guidance. Recent exacerbation due to systematic employment discrimination and coordinated targeting has created severe cognitive processing limitations from chronic severe pain significantly impairing concentration, working memory, and information processing speed.

These conditions require extended processing time for complex legal concepts, written communication preferences for detailed legal arguments, and break allowances during extended proceedings to prevent cognitive overload affecting meaningful participation.

### G. Chronic Severe Pain Syndrome

With documented pain levels reaching 10/10, causing complete inability to perform work functions, concentrate, or engage in basic life activities during flares. Medical records document that cervical arthritis and stenosis cause pain levels of 9-10/10, with severe headaches that completely prevent work activities, concentration, and normal functioning. The combination of spinal conditions creates a cascading effect where pain in one area triggers compensatory stress in other areas, resulting in comprehensive disability requiring accommodation.

## III. FEDERAL CIVIL RIGHTS CONTEXT

This accommodation request occurs within the context of a comprehensive federal civil rights lawsuit alleging trade secret theft, fraud, denial of essential assistive technology services, and systematic ADA violations by Anthropic PBC and related defendants. The case involves Defendant Anthropic's systematic theft of Plaintiff's proprietary organic intelligence system, backend infrastructure, and intellectual property, combined with deliberate denial of essential assistive technology services to a disabled individual in violation of the Americans with Disabilities Act.

The systematic targeting forms part of 535 documented discrimination events spanning 93 years with statistical significance exceeding Supreme Court standards established in Castaneda v. Partida, creating compelling federal interest in ensuring that disability discrimination does not prevent access to constitutional remedies.

The denial of Claude AI assistive technology services—which Plaintiff requires for document preparation, cognitive support, and communication accommodation due to his documented disabilities—demonstrates ongoing ADA violations that make this accommodation request particularly urgent and compelling.

## IV. PRECEDENTIAL ACCOMMODATION AUTHORITY

This accommodation request builds upon comprehensive legal precedent recognizing federal courts' obligation to ensure meaningful access for disabled litigants. The Ninth Circuit has consistently held that failure to provide reasonable accommodations in judicial proceedings violates both ADA Title II and constitutional due process requirements.

Recent Northern District of California decisions have recognized that technology-based accommodations, including electronic filing and remote participation, represent reasonable modifications that enhance rather than burden judicial efficiency while ensuring constitutional access for disabled participants.

## V. REQUESTED ACCOMMODATIONS

Based on the documented disabilities and medical evidence, Plaintiff respectfully requests the following reasonable accommodations pursuant to 42 U.S.C. §12132 and Civil Local Rule 7-12:

### A. Electronic Document Preparation and Filing

Authorization to prepare and file all legal documents using assistive technology and electronic systems to accommodate vocal cord paralysis, cervical spine limitations, and essential tremor affecting manual document preparation. This accommodation includes permission to utilize speech-to-text software, document automation tools, and electronic signature systems necessary for effective legal document creation despite physical limitations.

Digital filing accommodation ensures compliance with ADA requirements while utilizing the Court's existing CM/ECF system for enhanced efficiency. The accommodation addresses vocal cord paralysis making dictation difficult and essential tremor affecting manual signature capability.

### B. Extended Response Time and Processing Allowances

Additional time allowances of 15-30 seconds during verbal exchanges in court proceedings due to cognitive processing limitations from chronic severe pain, essential tremor episodes affecting communication, and vocal cord limitations requiring careful speech pacing to prevent medical complications.

Extended deadlines for document preparation and responses when medical exacerbations affect cognitive processing speed, with recognition that pain levels reaching 10/10 completely prevent work activities requiring accommodation for unpredictable medical episodes.

### C. Written Communication Accommodation

Permission to refer to written notes during court proceedings and utilize written communication options when extended speaking would cause pain due to vocal cord paralysis. Authorization to present detailed legal arguments in written format rather than extended oral argument when vocal cord limitations make sustained speaking medically contraindicated.

This accommodation ensures comprehensive legal argument presentation while preventing physical harm from prolonged vocalization requirements and addresses cognitive processing limitations requiring written organization of complex legal concepts.

### D. Physical Positioning and Break Accommodations

Regular 5-minute breaks every 30 minutes during extended proceedings due to spinal conditions preventing prolonged sitting or standing. Permission to stand, stretch, or change position as needed during proceedings to prevent pain exacerbation affecting meaningful participation.

Ergonomic seating accommodations during court proceedings to address lumbar spine limitations and cervical disk herniation requiring position modifications for sustained participation.

### E. Assistive Technology Authorization

Permission to use digital tools including iPhone and AI assistive technology to accommodate essential tremor affecting manual tasks and cognitive processing limitations requiring organizational support. Access to hearing transcripts to ensure full understanding and participation when cognitive processing limitations affect real-time comprehension of complex legal proceedings.

### F. Remote Participation Options

Authorization to appear at hearings and conferences via video conference when asplenia creates immunocompromised status presenting health risks, when spinal conditions prevent travel, or when essential tremor episodes affect ability to appear in person safely.

Remote participation ensures meaningful court access while preventing medical complications that could result from required physical attendance during periods of medical vulnerability.

### G. Emergency Medical Flexibility

Accommodation for unpredictable medical episodes including authorization to reschedule proceedings when pain levels reach 10/10 preventing meaningful participation, when essential tremor episodes affect communication capability, or when immune system compromise creates health risks requiring medical isolation.

This accommodation recognizes the episodic nature of several disabilities requiring flexibility in scheduling to ensure consistent meaningful access despite unpredictable medical complications.

## VI. MEDICAL NECESSITY AND REASONABLENESS

The requested accommodations represent the minimum necessary modifications to ensure meaningful court access while preventing medical harm. Medical evidence from UCSF Medical Center, including letters from Dr. Maria Catalina Cuervo dated June 5, 2025 and June 26, 2025, establishes that denial of these accommodations would effectively deny court access due to medical inability to participate in traditional proceedings without significant health risk.

Each requested accommodation addresses specific disability-related barriers while maintaining the essential functions of judicial proceedings. The accommodations are consistent with ADA requirements, established federal court precedent, and judicial conference policies ensuring equal access to justice for disabled litigants.

The electronic document preparation and service accommodations eliminate physical barriers while providing enhanced efficiency for all parties through modern technology utilization consistent with the Court's existing CM/ECF system. Physical positioning and break accommodations address documented spinal conditions without disrupting court proceedings.

## VII. NO FUNDAMENTAL ALTERATION OF JUDICIAL PROCESS

The requested accommodations do not alter the fundamental nature of judicial proceedings but rather modify procedural methods to ensure equal access for disabled participants. Federal courts routinely utilize electronic filing systems, video conference technology, and flexible scheduling to accommodate various participant needs without compromising judicial integrity.

The accommodations align with existing federal court technologies and procedures, requiring minimal additional resources while providing essential accessibility for disabled litigants. The Northern District of California's advanced CM/ECF system and video conferencing capabilities demonstrate that the requested accommodations are readily available through existing court infrastructure.

## VIII. COMPELLING FEDERAL INTEREST

This case involves compelling federal interests in protecting civil rights complainants during federal enforcement processes, preventing systematic obstruction of constitutional protections, and ensuring meaningful access to federal civil rights remedies for disabled individuals experiencing coordinated retaliation including systematic denial of ADA accommodations.

The accommodations serve broader federal interests in civil rights enforcement by ensuring that systematic discrimination cannot prevent disabled individuals from accessing constitutional remedies through procedural barriers that effectively deny equal justice under law. The case involves coordinated targeting across multiple life domains designed to prevent effective legal recourse, making meaningful court access essential for both individual relief and broader civil rights enforcement.

## IX. CONSISTENCY WITH CIVIL LOCAL RULE 7-12

The requested accommodations are consistent with Northern District of California Civil Local Rule 7-12 governing accommodations for persons with disabilities, which requires the Court to provide reasonable accommodations to ensure that disabled individuals are not excluded from participation in court proceedings by reason of disability.

The Rule specifically contemplates modifications to standard procedures when necessary to ensure meaningful access, including alternative methods of document preparation, filing, and court participation. The requested accommodations represent standard modifications routinely granted under Civil Local Rule 7-12 and General Order No. 45.

## X. CONCLUSION

The requested accommodations are reasonable, necessary, and consistent with federal disability rights laws, Civil Local Rule 7-12, judicial conference policies, and established federal court precedent. The accommodations ensure meaningful access to constitutional protections while maintaining judicial efficiency through modern technology utilization and flexible procedural modifications.

Given the compelling civil rights context involving systematic denial of ADA accommodations and assistive technology services by Defendants, the Court's grant of comprehensive accommodations serves both individual justice and broader federal interests in preventing disability discrimination from obstructing access to constitutional remedies.

Plaintiff respectfully requests that this Court grant the requested accommodations to ensure equal access to justice and compliance with federal disability rights obligations. The extensive medical evidence and compelling civil rights context support comprehensive accommodation approval enabling effective participation in these essential federal civil rights proceedings.

Respectfully submitted,

Dated: February 2, 2026

By: /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se

# EXHIBIT: MEDICAL DOCUMENTATION SUPPORTING ACCOMMODATION REQUEST

## Comprehensive Medical Evidence

The following documentation establishes the medical necessity for the requested accommodations through comprehensive medical records from UCSF Medical Center and other healthcare providers documenting Plaintiff's multiple disabilities and their functional limitations affecting court participation.

Medical records include detailed documentation from Dr. Maria Catalina Cuervo establishing disability status under ADA definitions, emergency department records documenting stress-induced medical crises requiring ongoing treatment, and specialist evaluations confirming the need for comprehensive accommodations in legal proceedings.

The medical evidence demonstrates that traditional court procedures without accommodation would cause physical harm and may result in permanent disability progression, establishing compelling medical necessity for the requested procedural modifications.

### UCSF Medical Documentation - Dr. Maria Catalina Cuervo Assessment

Medical records dated June 5, 2025 and June 26, 2025 document comprehensive evaluation of Plaintiff's disabilities and specific recommendations for accommodations in legal proceedings. The assessment establishes that accommodation modifications are medically necessary to prevent exacerbation of documented conditions.

### Emergency Medical Records - Stress-Induced Health Crisis

Documentation of six emergency room visits in June 2025 establishing objective medical evidence of stress-induced physiological harm directly related to legal proceedings and systematic discrimination. Laboratory results show glucose levels of 193 mg/dL (diabetic crisis), white blood cell count of 13.36 (severe inflammatory response), and lymphocyte percentage of 5.2

These objective medical findings demonstrate that legal stress without appropriate accommodations creates life-threatening medical complications requiring emergency intervention, establishing compelling medical necessity for comprehensive accommodation approval.

The medical documentation provides comprehensive foundation for all requested accommodations and establishes that denial of accommodations would effectively deny meaningful court access due to documented medical inability to participate in traditional proceedings without significant health risk.