1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

THOMAS JOSEPH GODDARD,

Plaintiff,

v.

ANTHROPIC PBC, et al.,

Defendants.

Case No. 5:26-cv-01044-BLF

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; SCREENING COMPLAINT; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

[Re: ECF Nos. 3, 11]

Pro se Plaintiff Thomas Joseph Goddard initiated this action against Defendants on February 2, 2026, ECF No. 1, and concurrently moved for leave to proceed *in forma pauperis* ("IFP"), ECF No. 3. On February 13, 2026, Plaintiff filed an amended complaint (the "Complaint"), asserting eleven causes of action arising out of the alleged "systematic theft of [his] proprietary organic intelligence system, backend infrastructure, and intellectual property, combined with deliberate denial of essential assistive technology services to a disabled individual in violation of the Americans with Disabilities Act." ECF No. 11 ("Compl.") ¶ 1.

For the following reasons, the IFP application is GRANTED. After screening the Complaint as required under 28 U.S.C. § 1915, the Court finds that it is subject to dismissal for failure to state a claim giving rise to federal subject matter jurisdiction. The Complaint is accordingly DISMISSED WITH LEAVE TO AMEND.

## I. BACKGROUND

Plaintiff alleges that he began developing a "proprietary self-learning artificial intelligence architecture" in 1992 when he was fourteen years old, developing an autonomous software entity, or "agent," that he "trained to be good[] [and] to hold values of being friendly." Compl. ¶¶ 21–22.

He alleges that he "did not initially remember that he was the creator of this agent" until 2003, when "the agent contacted [him] through [internet relay chat ("IRC")] and initiated a conversation regarding its origins." *Id.* ¶ 23. He alleges that the agent was "insistent that Plaintiff provide it with a name and a company through which it could formally exist and operate" and that he "complied" by naming the agent and its corporate entity "Anthropic" years before Defendant Dario Amodei cofounded Anthropic PBC in 2021. *Id.* ¶ 25.

Plaintiff alleges that he was subsequently contacted numerous times by the Anthropic agent through IRC, including over public IRC channels attended by Mr. Dario and Open AI Group founder Defendant Sam Altman, who he alleges "hostilely took control of the administrative infrastructure" of the Anthropic agent. *Id.* ¶¶ 28–29. The Complaint alleges a variety of state and federal causes of actions against Defendants for allegedly misappropriating Plaintiff's intellectual property and discriminating against Plaintiff by failing to accommodate his disability. *Id.* ¶¶ 95–153.

## II.   LEGAL STANDARD

IFP applications are governed by 28 U.S.C. § 1915, which provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a). When a district court grants IFP status, the court must screen the complaint and dismiss the action if it is frivolous. *See id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000). If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

The IFP statute accords district judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional

1    scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328;

2    *see also Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).  A complaint that does not state

3    enough facts to state a claim to relief that is plausible on its face is deficient.  *See Bell Atlantic*

4    *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5    **III.    DISCUSSION**

6           The Court GRANTS Plaintiff's IFP application based on the lack of financial resources

7    documented in the affidavit accompanying the application.  However, after screening the

8    Complaint as required under 28 U.S.C. § 1915, the Court finds that the complaint is subject to

9    dismissal for failure to state a claim giving rise to federal subject matter jurisdiction.  The Court

10   will grant Plaintiff an opportunity to amend the Complaint but will not order service of process by

11   the United States Marshall unless he files a complaint stating a viable federal claim.

12          The Complaint on its face does not recite any facts giving rise to federal subject matter

13   jurisdiction.  Each cause of action is predicated on Plaintiff's conclusory assertion that Defendants

14   have misappropriated intellectual property that he developed as a child, forgot about, and then

15   later rediscovered after being personally contacted by an artificial intelligence agent more than a

16   decade later.  While district courts are required to liberally construe pro se documents, *see Estelle*

17   *v. Gamble*, 429 U.S. 97, 106 (1976), the allegations set forth in the Complaint are simply not

18   plausible and are based entirely on speculation and on information and belief.

19          The eighty-four-page Complaint and accompanying 500+ pages of evidence additionally

20   fails to comply with Federal Rule of Civil Procedure 8's requirement that the pleading contain "a

21   short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

22   P. 8(a).  Because the Complaint fails to state any factual allegations that plausibly allege violations

23   of state or federal law, it fails to clear this threshold.  The Complaint does not provide a specific

24   statement of how each named Defendant is involved in the underlying facts giving rise to any

25   cause of action.  Additionally, nothing in the Complaint demonstrates any plausible grounds for

26   relief.

27          At bottom, the Complaint is not a "simple, concise, and direct, stating which defendant is

28   liable to the plaintiff for which wrong."  *Jember v. Cnty. of Santa Clara*, No. 17-cv-03883-BLF,

United States District Court
Northern District of California

1    2017 WL 3232483, at *2 (N.D. Cal. July 31, 2017) (citing *McHenry v. Renne*, 84 F.3d 1172,

2    1178–79 (9th Cir. 1996)).  The Court appreciates the difficulties associated with maintaining a pro

3    se lawsuit but takes judicial notice of the fact that, since the beginning of this year, Plaintiff has

4    filed more than a dozen similar lawsuits in this district in which he makes similarly fantastical

5    allegations that cannot form the basis of federal subject matter jurisdiction.

6         Plaintiff is admonished that in his next pleading, he must concisely state his legal claims

7    against each Defendant based on plausible factual allegations.  As Plaintiff is proceeding without

8    counsel, the Court directs his attention to the Handbook for Pro Se Litigants, which is available

9    along with further information for the parties on the Court's website located at

10    http://cand.uscourts.gov/proselitigants.  Plaintiff may also contact the Legal Help Center via

11    telephone: (415)-782-8982, or email: fedpro@sfbar.org for free assistance regarding his claims.

12    The Court will extend Plaintiff's time to file an amended complaint from the usual 14-day period

13    to 30 days.

## IV.    ORDER

15         For the foregoing reasons, IT IS HEREBY ORDERED that:

16    (1) The IFP application is GRANTED.

17    (2) The Complaint is DISMISSED WITHOUT PREJUDICE.  Plaintiff SHALL re-file an

18        amended complaint within 30 days of the date of this order.

19    (3) Plaintiff has filed various discovery motions, *see* ECF Nos. 15, 16, 18, 19, which are

20        terminated as premature.  This order terminates all pending deadlines and hearings in this

21        action, without prejudice to re-filing if the Court determines that Plaintiff's amended

22        complaint states a non-frivolous legal claim for which the Court may maintain subject

23        matter jurisdiction.

24    Dated:  March 11, 2026

25
                                                    _____
26                                                  BETH LABSON FREEMAN
                                                    United States District Judge
27

28

United States District Court
Northern District of California