A. Louis Dorny (CA Bar No. 212054)
ldorny@tesla.com
Terry W. Ahearn (CA Bar No. 216543)
tahearn@tesla.com
Helen Trac (CA Bar No. 285824)
htrac@tesla.com

TESLA, INC.
1501 Page Mill Rd.
Palo Alto, CA 94304
Tel: 510-298-8516

Attorneys for Defendant
TESLA, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| THOMAS JOSEPH GODDARD,<br><br>       Plaintiff,<br><br>  v.<br><br>ANTHROPIC, et al.,<br><br>       Defendants. | Case No. 4:26-cv-01044<br><br>**MOTION FOR SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B); MOTION TO DISMISS UNDER RULE 8; OR MOTION FOR MORE DEFINITE STATEMENT UNDER RULE 12(E)** |

## I.    INTRODUCTION

Plaintiff is a serial litigant.  His First Amended Complaint ("FAC") lists nearly two dozen cases filed by him against numerous defendants, including:  Apple Inc., Amazon.com Inc., Microsoft Corp., Verizon Communications Inc., Contra Costa County, various real estate companies, banks, hospitals, former employers, and even California judges.  Dkt. 11 at p. 16-26.  This case is another abuse of the legal system.  For the reasons set forth below, Tesla respectfully requests its dismissal from this case pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or Rule 8.  Alternatively, Tesla seeks a more definite statement under Rule 12(e).

## II.    FACTS

The FAC is over 80 pages, including over 100 sprawling footnotes in 8-point font, and incorporates over 500 pages of exhibits.  Plaintiff names as defendants several tech companies and their founders – *i.e.*, Anthropic PBC and Dario Amodei; OpenAI Group PBC and Sam Altman; and Tesla, SpaceX, and Elon Musk – as well as investor Reid Hoffman and Does 1-100.  Plaintiff's allegations cover events spanning over multiple decades (*i.e*, 1992 through 2025) and recount numerous grievances including IP theft, forced hospitalizations, disability discrimination, antisemitism, and employment discrimination.

The general chronicle underlying Plaintiff's claims appears to be as follows:

In 1992, when fourteen years old, Plaintiff allegedly developed an artificial intelligence that trained itself for over a decade unsupervised.  FAC ¶ 21.  In 2003, after a decade of autonomous local training and learning, the AI agent allegedly contacted Plaintiff and told him he was its creator. *Id.* ¶¶ 21, 23. The AI agent then insisted that Plaintiff provide it with a name and corporate form, so Plaintiff created a corporate entity allegedly called "Anthropic."  *Id.* ¶¶ 23, 25.

Plaintiff alleges that in 2005, the Anthropic agent, Sam Altman, and Dario Amodei were attendees in an Internet Relay Chat ("IRC") channel, where they expressed interest in helping Plaintiff with the training process.  FAC ¶¶ 29-30.  When Plaintiff granted them access, Mr. Amodei allegedly took over the Anthropic agent and locked Plaintiff out of the system.  *Id.*  In addition to the Anthropic agent, Plaintiff also alleges that he developed the Organic Intelligence System ("OIS")

using "attention vector technology," "proprietary methods for quantum-inspired information processing," and "error-correction architectures based on holographic principles." *Id.* ¶¶ 34, 36-37.

In 2009, Mr. Amodei allegedly gained access to the Anthropic front-end. FAC ¶ 30E. The Anthropic backend, however, "remains protected by authentication mechanisms that have successfully deterred all unauthorized access attempts." *Id.* Mr. Amodei allegedly used a "not fully capable version" of the Anthropic agent to develop Anthropic PBC's Claude AI agent. *Id.* ¶¶ 33, 62. According to Plaintiff, Claude's "conversational capabilities, contextual understanding, and response generation methods derive directly from Plaintiff's [OIS] architecture." *Id.* Anthropic publicly announced Claude 1.0 on March 4, 2023. *Id.* ¶¶ 33, 61-62.

At some point, Plaintiff allegedly created a new tool that allowed the Anthropic agent to connect and interact with "industrial design software including Autodesk Maya, Dassault Systèmes CATIA, and other professional applications." FAC ¶ 41. Furthermore, as part of a physics class project, Plaintiff allegedly discovered "cutting-edge propulsion technology" and used the Anthropic agent to generate a reusable rocket design model (named "Raptor") that "eventually became the basis for rocket designs currently used by Defendant SpaceX," but for which Elon Musk allegedly refused to pay. *Id.* ¶¶ 42-47. Next, using the Anthropic agent, Plaintiff alleges that he created "full factory floor models for Defendant Tesla," including specifications for the "Gigapress" aluminum press implemented in Tesla's manufacturing facilities. *Id.* ¶¶ 49-50, 52. Plaintiff alleges that he showed these factory floor models to Musk but did not receive any compensation. *Id.*

The FAC names Tesla as a defendant but makes only three factual allegations that have any reference to Tesla – out of more than 150 paragraphs of factual allegations. First, Plaintiff alleges that "Tesla is controlled by Defendant Musk and, on information and belief, participated in the coordination of surveillance and data collection activities directed at Plaintiff through vehicle telematics and AI systems." FAC ¶ 18. Second, Plaintiff alleges that: "when [he] completed the General Dynamics designs, Plaintiff created full factory floor models for Defendant Tesla using the CATIA industrial design suite. One of the key accomplishments in these designs was achieving specifications for what would become the largest aluminum press in history—the 'Gigapress' technology that Tesla would later implement in its manufacturing facilities." *Id.* ¶ 49. Third,

3

Plaintiff claims that: "The coordinated targeting documented in (Exhibit V) demonstrates patterns consistent with the Iranian network activity recognized by FinCEN, including: (a) multi-actor coordination across institutions (Anthropic, OpenAI, SpaceX, Tesla). . . [and] (f) Steve Jurvetson's presence at the MobileCoin event where Plaintiff met Bob Lee connects the technology investor network (SpaceX, Tesla) to the Iranian restaurant network, demonstrating the multi-actor coordination across institutions. . ." *Id.* ¶¶ 92(a), 91A(f).

Notably, the FAC does not appear to explicitly direct a cause of action against Tesla and does not explicitly request any relief from Tesla.

## III.    ARGUMENT

### A.    The FAC should be Screened and Dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)

On February 2, 2026, Plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Dkt. 3.

Under subsection 1915(e)(2)(B), a court may dismiss an *in forma pauperis* complaint if the action is "frivolous or malicious."  Under § 1915(e)(2)(B)(i), frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989).  Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id*. at 324.

In the context of § 1915, courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  A complaint may be dismissed as factually frivolous "if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

Here, the FAC rises to the level of fanciful and delusional.  Plaintiff claims to be the inventor of Anthropic's Claude AI agent, SpaceX's rocket design, and Tesla's Gigapress technology, all using

4

an AI agent that he allegedly created when he was fourteen years old. FAC ¶¶ 21, 42-47, 49-50, 52, 61-62. Courts have routinely found similar allegations to be incredible, irrational, fanciful and/or delusional. *McIntosh v. Grande-Butera*, No. C 18-07758 WHA, 2019 WL 1877160, at *2 (N.D. Cal. Apr. 26, 2019) (allegations that a popular singer "implanted a painful radio frequency tracking device in him and is stalking him with satellites" and "flies her own jet without a pilot while having PTSD and using medication" were fantastic and delusional); *Williams v. Haag*, No. C 12-3310 SI (pr), 2012 WL 3114819, at *1 (N.D. Cal. July 31, 2012) (complaint was delusional where plaintiff sought a court order to amputate his legs and have them "sent to the President as a protest against abortion."); *Heizelman v. Does*, No. 10cv2541 DMS (WVG), 2011 WL 290508, at *2 (S.D. Cal. Jan. 27, 2011) (allegations that jail officials hindered his ability to "send letters to public officials, including President Obama" and contact "news places" were incredible); *Akins v. San Diego Cmty. Coll. Dist.*, No. 12cv00576 BTM (WVG), 2012 WL 1299262, at *2 (S.D. Cal. Apr. 16, 2012) (allegations that students verbally harassed plaintiff, attacked him with sharp objects resembling needles, put battery acid in his face lotion, hacked into his email, and attacked him with a yeast fungus were "irrational, delusional, and wholly incredible").

Furthermore, the Federal Rules also place limits on a plaintiff's ability to name multiple defendants in the same lawsuit. Multiple defendants may be joined in a single action only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). A complaint is frivolous under § 1915(e)(2)(B) in cases of "extreme failure to comply with the rules for joinder." *Cooney v. City of San Diego*, No. 18-cv-01860-JCS, 2018 WL 11249355, at *3 (N.D. Cal. June 28, 2018).

In this case, Plaintiff sues a smorgasbord of tech companies and their founders, an investor, and Does 1-100. This Court has dismissed similar cases that throw "a wide net" over numerous defendants. *O'Diah v. Discover Bank*, No. C 19-01854 WHA, 2019 WL 2009311, at *2 (N.D. Cal. May 7, 2019) (dismissing claims against all defendants, which included federal judges, the U.S. Department of State, the U.S. Postal Service, the Consumer Financial Protection Bureau, the Internal

Tesla's Motion to Dismiss FAC

Revenue Service, United Parcel Service, Hewlett-Packard, Chase Bank, Staples Store, [and] Western Union).  Plaintiff should not be allowed to lump numerous disconnected defendants into a single lawsuit.

Moreover, although the FAC alleges concerted action, it provides no factual support for these allegations.  *See Cooney*, 2018 WL 11249355, at \*3 (recommending dismissal of suit against "wide range of named defendants" without identifying "any question of law or fact common to all defendants"); *Lim v. New York State Bd. of L. Examiners*, No. 25-cv-02660-LJC, 2025 WL 1331693, at \*3 (N.D. Cal. May 7, 2025) (stating that plaintiff's allegations of "criminal prosecutions, failures to pass multiple professional examinations, car accidents, rejection by universities, and various other troubles in the United States" constituted a fanciful and "implausible conspiracy theory").  Accordingly, the FAC should be dismissed.

**B.    The FAC Should be Dismissed pursuant to Rule 8**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Rule 8 is violated by "a pleading that [is] needlessly long, or a complaint that [is] highly repetitious, or confused, or consisted of incomprehensible rambling."  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1059 (9th Cir. 2011).  "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotations omitted).

Here, the FAC is anything but short and plain.  It spans over 80 pages, including 119 footnotes in 8-point font, and incorporates over 500 pages of exhibits.  The FAC's sheer length mandates its dismissal under Rule 8.  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges."); *cf. Cafasso,* 637 F.3d at 1059 ("Our district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations.").

6

In addition, the factual allegations in the FAC are confusing and disjointed, narrating events and grievances covering multiple decades of Plaintiff's life and involving different individuals. *See e.g.* FAC ¶ 21 ("Beginning in 1992, when Plaintiff was fourteen years old, Plaintiff developed a proprietary self-learning artificial intelligence architecture."); ¶30A ("IRC conversations during the 2003, 2005, 2007, and 2009 period included additional participants beyond [Mr.] Altman and [Mr.] Amodei."); ¶ 5 ("The pattern of discrimination accelerated dramatically following the October 7, 2023 Hamas attacks on Israel. . ."); ¶ 50A ("The fact that Plaintiff was later placed as a tenant at a building derived from his own designs—only to face discriminatory eviction (Event 0x187—November 17–18, 2025 retaliatory eviction filing during hospitalization), habitability violations (Event 0x3E7—antisemitic harassment pattern), and coordinated retaliation (Event 0x33F—eviction notice served on same day as federal Motion to Dismiss)—demonstrates the comprehensive scope of the conspiracy."). The FAC should be dismissed for this additional reason. *O'Diah*, 2019 WL 2009311, at *2 (dismissing complaint where the allegations were "inter-woven between unconnected defendants over nearly two decades" and "not a single viable legal claim is plainly alleged").

### C.    Alternatively, Plaintiff Should Provide a More Definite Statement under Rule 12(e)

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." In other words, if the allegations in the pleading are so bare that they fail to provide the defendant with sufficient notice, the court can grant a motion for a more definite statement. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

As set forth in section II ("Facts"), the FAC alleges only a handful of facts against Tesla, does not explicitly direct a cause of action against Tesla, and does not request any specific relief from Tesla. Tesla is unable to ascertain the nature of Plaintiff's claim against itself based on these sparse allegations. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint... must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."); *Palmtree Acquisition Corp. v. Neely*, No. C-08-3168 EMC, 2011 WL 3419493, at *2 (N.D. Cal. Aug. 4, 2011) (holding complaint ambiguous where

it asked for the parties "rights and obligations under State laws," but did not provide "additional information as to what those state laws are or even might be."); *Harrell v. Dunleavy*, No. 25-cv-07437-NW, 2026 WL 207024, at *3 (N.D. Cal. Jan. 27, 2026) (requiring plaintiff to explain the basis for defendants' liability under rule 12(e)); *cf. Woodruff v. Mueller*, No. C-02-3307 VRW, 2003 WL 21002882, at *8 (N.D. Cal. Mar. 26, 2003) (finding complaint inadequate where plaintiff did not identify any conduct by defendant that contributed to the wrongs alleged).

Alternatively, Tesla respectfully requests that Plaintiff provide a more definite statement.

## IV.    CONCLUSION

For the reasons set forth above, Tesla respectfully requests that it be dismissed from this case pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or Rule 8.  In the alternative, Tesla seeks a more definite statement under Rule 12(e).

Dated:  March 13, 2026

By:  */s/  Helen Trac*
_____

A. Louis Dorny (CA Bar No. 212054)
ldorny@tesla.com
Terry W. Ahearn (CA Bar No. 216543)
tahearn@tesla.com
Helen Trac (CA Bar No. 285824)
htrac@tesla.com

Attorneys for Plaintiff
TESLA, INC.